IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY CAMPBELL, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| WILLIAM P. BARR, ATTORNEY § | | |
| GENERAL OF THE UNITED STATES; § | | |
| UNITED STATES DEPARTMENT OF § | | |
| JUSTICE; FEDERAL BUREAU of § | | |
| PRISONS; and WILLIAM ONUH, § | | |
| § | | |
| Defendants § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Introduction

1. Plaintiff Casey Campbell has been employed by the Federal Bureau of Prisons ("BOP") as a chaplain since 2006, serving the spiritual and religious needs of inmates, staff, volunteers and visitors at the federal prisons where he has worked. Chaplain Campbell's job performance is routinely evaluated as excellent by his supervisors and peers. In his current assignment at the Federal Medical Clinic Carswell ("FMC Carswell"), which began in 2008, Chaplain Campbell serves a community of prisoners, prison employees, volunteers and visitors ministering specifically to individuals of the Protestant faith, while also working in a pluralistic, religious environment serving religious and secular needs of persons of all faiths.

2. For many years, Chaplain Campbell and his co-workers, who are also chaplains at FMC Carswell, have been subjected to religious discrimination and harassment in a pervasively hostile

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1**

CAMPBELLORIGINALCOMPLAINT.wpd

work environment at FMC Carswell that is largely due to the illegal and discriminatory behavior of one BOP employee, William Onuh, who is also a chaplain at FMC Carswell.

3.      The religious discrimination, harassment and the hostile work environment has not been corrected by BOP, even after repeated complaints by Campbell and others over a period of at least six (6) years.  Due to BOP's long term failures to remedy the illegal discrimination, Chaplain Campbell filed a complaint through the BOP's internal Equal Employment Opportunity ("EEO") process in May 2017.  As a result of that formal complaint, the Department of Justice ("DOJ") determined that Campbell was a victim of religious discrimination and entitled to compensation.

4.      The DOJ also ordered BOP to take immediate steps to remedy the harassment and to take steps reasonably calculated to prevent future harassment, consistent with 29 C.F.R. § 1614.501 (a)(2).  BOP is apparently not complying with this order from DOJ.  Instead, BOP has not only allowed the discrimination, harassment and hostile work environment to continue, but has subjected Campbell to illegal retaliation for persevering in his complaints against the illegal conduct. For these reasons, Campbell files this lawsuit to compel the remedies DOJ has determined he is entitled.

**Parties**

5.      Plaintiff, Casey Campbell, is an individual who resides in Tarrant County, Texas.

6.      Defendant, William P. Barr, is Attorney General of the United States and head of the United States Department of Justice, the executive branch department under which the Federal Bureau of Prisons runs the federal prison system.  Service may be completed on the Attorney General at United States Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001 and on the United States Attorney for the Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242-1699.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 2**

CAMPBELLORIGINALCOMPLAINT.wpd

7.  Defendant, William Onuh, is employed by the Federal Bureau of Prisons at FMC Carswell. Service may be completed on William Onuh at 3000 I Street, Fort Worth, Texas 76127.

## Venue and Jurisdiction

8.  Venue is proper in the Northern District of Texas because the cause of action accrued in the Northern District of Texas.

9.  The Court has jurisdiction under 28 U.S.C. § 1331 as Campbell's claims involve questions of federal law, including 28 U.S.C. § 2201 and 42 U.S.C. § 2000e *et seq*.

## Factual Allegations

10. Plaintiff Casey Campbell works as a chaplain at the Federal Bureau of Prisons ("BOP") Federal Medical Center ("FMC") Carswell institution, where he has been employed since 2008.

11. During his time as a BOP employee at FMC Carswell, Chaplain Campbell has routinely been evaluated as an exemplary employee.

12. Starting in 2012, Chaplain Campbell has been subjected to a series of discriminatory actions while working in a long-term, pervasively hostile work environment at FMC Carswell that BOP has been aware of and failed to remedy since as early as 2013.

13. Campbell complained to his supervisors at FMC Carswell over a period of several years, from 2013 through 2017, that he was illegally discriminated against because of his Protestant religion by his co-worker, William Onuh, a Catholic chaplain at FMC Carswell.

14. Despite the repeated complaints about Onuh by Campbell and many others at FMC Carswell, including fellow chaplains, other BOP employees, volunteers, visitors and prisoners, which extended over a period of more than four (4) years, no one of any authority took action to prevent the illegal religious discrimination by Onuh against Chaplain Campbell and others.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 3**

CAMPBELLORIGINALCOMPLAINT.wpd

15. On May 2, 2017, after his repeated complaints to supervisors at FMC Carswell about illegal discrimination prompted no remedial action by BOP over a period of years, Casey Campbell filed a formal complaint of religious discrimination under 42 U.S.C. § 2000e (Title VII) and 29 C. F.R. 1614 to the EEO Office for BOP.

16. Campbell complained through BOP's agency complaint process that BOP discriminated against him due to his Protestant religion, including specific complaints about the conduct of his co-worker, William Onuh.

17. Casey Campbell's complained of Onuh's repeated, disparaging remarks about Protestant chaplains, Onuh's refusal to escort non-Catholic volunteers at FMC Carswell as required by his job duties and Onuh's continued refusal and failures to supervise any non-Catholic activities at FMC Carswell, leaving non-Catholic chaplains like Chaplain Campbell with extra work.

18. After an extensive investigation by a federal contractor, Adept Services, Inc., which was investigation 2017-BOP-0505, BOP received an investigation report on or about April 16, 2018.

19. At some time after receipt by BOP, the investigation report was submitted to the Complaint Adjudication Office ("CAO") at the DOJ.

20. On May 16, 2019, thirteen months after the investigation report was received at BOP, CAO issued its decision that Chaplain Campbell had been subjected to illegal discrimination, that he is entitled to compensation and that BOP was required to remedy the illegal discrimination, which decision is attached to this pleading and is incorporated by reference as if set out in full herein.

21. BOP was ordered to take immediate steps to remedy illegal discrimination and harassment and to steps reasonably calculated to prevent future harassment by Onuh.

22. The CAO determined Casey Campbell is entitled to compensatory damages from BOP.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 4**

CAMPBELLORIGINALCOMPLAINT.wpd

23. The CAO determined Casey Campbell is entitled to recover his attorney's fees from BOP.

24. Over more than 2 months since BOP was ordered to take immediate steps to remedy the illegal religious discrimination and harassment Casey Campbell is subjected to at BOP, including by William Onuh, BOP has failed and refused to remedy the illegal discrimination and BOP has not taken steps reasonably calculated to prevent future illegal discrimination and/or harassment.

### Plaintiff's Title VII Claims against Defendant Employer

25. Casey Campbell alleges he was subjected to religious discrimination and harassment in his employment with Defendant, which is referred to here as BOP, in violation of 42 U.S.C. § 2000e *et seq* and he:

   a. is a member of a protected class;

   b. suffered illegal discrimination because of his religion; and

   c. suffered damages as a result of the illegal discrimination.

26. Casey Campbell alleges the conduct of BOP and its employees violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq*.

### Plaintiff's Claims for Declaratory, Injunctive and Equitable Relief

27. Casey Campbell alleges the Court has authority to order declaratory, injunctive, and equitable relief, pursuant to 28 U.S.C. § 2201 and its inherent equitable powers, including the authority to determine Plaintiff's rights to remedial action by BOP.

28. Campbell shows the Court has authority to determine the necessary steps to be taken by BOP to remedy the harassment and to determine what steps should be taken by BOP that wpould be reasonably calculated to prevent future harassment, consistent with 29 C.F.R. § 1614.501 (a)(2).

29.     As Defendant Onuh is an individual who is likely affected by Campbell's requests for declaratory, injunctive, and equitable relief, Campbell also shows the Court that Onuh is a proper party to this action that may necessarily determine legal rights and remedies that affect Onuh.

### Plaintiff's Damages

30.     Defendant caused Casey Campbell to suffer damages, including past lost economic damages, as well as past and future mental anguish and emotional distress, for which Plaintiff seeks monetary relief in this lawsuit.

### Pre-Judgment and Post Judgment Interest

31.     Plaintiff seeks pre-judgment and post judgment interest as allowed by applicable law.

### Attorney's Fees

32.     Casey Campbell seeks attorney's fees as permitted by law.

### Jury Request

33.     Casey Campbell requests a jury trial.

WHEREFORE, Plaintiff Casey Campbell prays that Defendant William P. Barr and Defendant William Onuh be cited to appear and answer herein, and on final jury trial, Plaintiff have judgment against Defendant for his damages, costs of suit, prejudgment and post-judgment interest permitted by law, as well as the declaratory, injunctive and equitable relief requested, and for all other relief to which Plaintiff may show himself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 6**
CAMPBELLORIGINALCOMPLAINT.wpd

Respectfully submitted,

*/s/ William J. Dunleavy*
William J. Dunleavy
State Bar No. 00787404
Law Offices of William J. Dunleavy, P.C.
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas  75013
Telephone: 972/247-9200
Facsimile: 972/247-9201

ATTORNEY FOR PLAINTIFF