IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| CASEY CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT M. WILKINSON\*, ACTING ATTORNEY GENERAL OF THE UNITED STATES; UNITED STATES DEPARTMENT OF JUSTICE; FEDERAL BUREAU OF PRISONS; and WILLIAM ONUH,<br><br>    Defendants. | Civil Action No. 3:19-CV-01887-L |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS, AND <u>RECOMMENDATION</u>**

PRERAK SHAH
Acting United States Attorney

Sarah E. Delaney
Assistant United States Attorney
Arizona Bar No. 031722
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8730
Facsimile:   214-659-8807
sarah.delaney@usdoj.gov

Attorneys for Defendants

\* The defendants are federal officials sued in their official capacities.  Therefore, the current Acting Attorney General of the United States, Robert M. Wilkinson, has been substituted as a defendant for William Barr.  *See* Fed. R. Civ. P. 25(d).

## Table of Contents

I. Background ........................................................................................................... 2

    A. Campbell's allegations and requests for declaratory and injunctive relief. ........................................................................................................ 2

    B. Defendants moved to dismiss the first amended complaint. ........................ 4

II. Legal Standard ...................................................................................................... 7

III. Argument and Authorities .................................................................................... 7

    A. Campbell failed to properly object to the Recommendation. ....................... 8

    B. The Recommendation correctly determined Campbell had failed to state a claim for relief. ................................................................................ 10

IV. Conclusion .......................................................................................................... 12

## Table of Authorities

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................. 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................. 7

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) ..................................................................................... 7

*Farrington v. Nielsen*,
    297 F. Supp. 3d 52 (D.D.C. 2018) ......................................................................... 11

*Lowe v. Ingalls Shipbuilding*,
    723 F.2d 1173 (5th Cir. 1984) ............................................................................... 11

*Loyola De Rios v. Wells Fargo Bank, N.A.*,
    No. SA-11-CA-00542-OLG, 2011 WL 13324292 (W.D. Tex. Nov. 2, 2011) ............... 8

*Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*,
    No. 3:08-CV-165-D, 2009 WL 3075205 (N.D. Tex. Sept. 25, 2009) ....................... 11

*Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*,
    40 F.3d 698 (5th Cir. 1994) ................................................................................... 11

*Norton v. S. Utah Wilderness All.*,
    542 U.S. 55 (2004) ................................................................................................ 11

*Rodriguez v. United States*,
    66 F.3d 95 (5th Cir. 1995) ..................................................................................... 10

*Shabazz v. Franklin*,
    380 F. Supp. 2d 793 (N.D. Tex. 2005) .................................................................... 9

*Slaughter v. VA Med. Ctr. Police*,
    No. 3:07-CV-0416-L, 2008 WL 4964778 (N.D. Tex. Nov. 20, 2008) ....................... 9

*Turner v. AmericaHomeKey, Inc.*,
    No. 3:11-CV-0860-D, 2011 WL 3606688 (N.D. Tex. Aug. 16, 2011) ..................... 12

**STATUTES**

5 U.S.C. § 706(1) ............................................................................................................. 11

28 U.S.C. § 1361 .............................................................................................................. 11

28 U.S.C. § 2201 ................................................................................................................ 4

42 U.S.C. § 2000e .............................................................................................................. 4

42 U.S.C. § 2000e-5(g)(1) ............................................................................................... 11

**RULES**

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 1

Fed. R. Civ. P. 12(b)(5) ............................................................................................ 1, 5, 6

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 15 ............................................................................................................... 8

LR Civ. 15.1 ....................................................................................................................... 9

Fed. R. Civ. P. 72(b)(3) ..................................................................................................... 7

**REGULATIONS**

29 C.F.R. § 1614.110(b) .................................................................................................... 2

29 C.F.R. § 1614.501(a)(2) ................................................................................................ 3

As recommended by the Magistrate Judge in her Findings, Conclusions, and Recommendation ("Recommendation") (Doc. 28), the Court should dismiss Plaintiff Casey Campbell's claims, as he fails to state a claim upon which relief can be granted.[1]

Campbell has filed a partial objection to the Recommendation, asserting that he agrees as to the denial of Defendants Robert M. Wilkinson, Acting Attorney General of the United States; U.S. Department of Justice; Federal Bureau of Prisons; and William Onuh's (collectively, "Defendants") motions to dismiss under Rules 12(b)(1) and (b)(5) of the Federal Rules of Civil Procedure, but that he objects to the Recommendation to grant Defendants' motion to dismiss under Rule 12(b)(6). (Doc. 29, ¶ 1.) However, rather than explaining why he objects to the Recommendation, he simply asks for leave to amend his complaint "to re-plead his claims, to add a claim under the [Administrative Procedure Act] and to re-state sufficiently his Title VII claim." (Doc. 29, ¶ 3.)

Campbell, therefore, has failed to comply with the requirements for filing "specific" objections to the proposed findings and recommendations of the magistrate judge, and has further failed to demonstrate any reason why the Recommendation is incorrect. Therefore, this Court should adopt the Recommendation, dismissing all claims against Defendants.

---

[1] Defendants also assert that dismissal of Campbell's claims is also proper under Rule 12(b)(5) of the Federal Rules of Civil Procedure. As explained in the Recommendation, "[b]ecause Plaintiff has not shown that he properly served the United States, he has not shown effective service of process on Defendants." (Doc. 28 at 10.) Ultimately, the Recommendation determined that dismissal under Rule 12(b)(5), which it indicates would likely be without prejudice, was "unnecessary," as dismissal with prejudice was appropriate under Rule 12(b)(6). (*Id.*) Thus, while the Recommendation indicated that Defendants' Rule 12(b)(5) claims should be denied on these grounds, the Recommendation also clearly found that Campbell had failed to comply with Rule 12(b)(5).

**Defendants' Response to Plaintiff's Objections to the
Magistrate Judge's Findings, Conclusions, and Recommendation – Page 1**

## I.  Background

**A.  Campbell's allegations and requests for declaratory and injunctive relief.** [2]

At all times relevant to his amended complaint, Campbell was a chaplain with the Federal Bureau of Prisons ("BOP"), and was assigned to the Federal Medical Center ("FMC") Carswell.  (Doc. 7, ¶ 10.)  Beginning in 2012, Campbell alleges that he was subjected to religious discrimination and harassment that created a hostile work environment, due to the behavior of another BOP chaplain, William Onuh.  (Doc. 7, ¶¶ 12-13.)  Although Campbell asserts he complained to his BOP supervisors, he claims that FMC Carswell officials did not take any action to address the situation, so Campbell filed a formal complaint with the BOP Equal Employment Opportunity ("EEO") office on May 2, 2017.  (Doc. 7, ¶¶ 13-15.)  Campbell's allegations were investigated by an outside company contracted to perform EEO investigations, and an investigation report was provided to the BOP in April 2018.  (Doc. 7, ¶¶ 18-19.)

Campbell then requested a final agency decision from the U.S. Department of Justice's ("DOJ") Complaint Adjudication Office ("CAO"), which issued its decision on May 16, 2019.  *See* 29 C.F.R. § 1614.110(b).  The CAO determined that the record supported a claim of harassment based on religion.  (Doc. 7-1 at 28.[3])  Therefore, the CAO ordered that the BOP take action to remedy the harassment and prevent future

---

[2] Facts from Campbell's pleadings are assumed true for purposes of the Defendants' motions to dismiss only.

[3] Page references to the exhibits filed with Campbell's First Amended Complaint are to the page numbers appearing at the top of each page, generated by the ECF system.

harassment in accordance with 29 C.F.R. § 1614.501(a)(2), including providing EEO and anti-harassment training for certain employees at FMC Carswell (including Onuh), and posting a notice for 60 days regarding employees' right to be free from unlawful discrimination. (Doc. 7-1 at 28-29.)

The CAO also ordered compensatory damages and attorney's fees for Campbell. (Doc. 7-1 at 28-29.) After negotiations, the BOP and Campbell were unable to reach a mutually agreeable amount for these damages. (Doc. 7-2 at 5-9.) Therefore, the CAO issued a decision on September 27, 2019, awarding Campbell $15,000 in non-pecuniary damages for emotional harm and mental anguish and $1,000 in attorneys' fees, and ordered that Campbell have 153 hours of sick leave and 180 hours of annual leave restored. (Doc. 7-2 at 9, 14-17.) In compliance with the CAO's decisions, the BOP completed all the required remedial actions by December 1, 2019. (Doc. 14 at 5-6 ¶¶ 6-7, 9, 17, 19-20.)

While the CAO was still assessing the appropriate damages award, Campbell filed suit in federal court on August 8, 2019. (Doc. 1.) In his original complaint, Campbell alleged that the BOP was not complying with the CAO's May 16, 2019 order, but instead "failed and refused to remedy the illegal discrimination." (Doc. 1, ¶¶ 4, 24.) Campbell, however, delayed in serving Defendants with process, and as a result, both the CAO and the BOP continued with the administrative process.

On December 25, 2019, Campbell filed an amended complaint, adding the September 27, 2019 CAO order regarding damages as an exhibit. (*See* Doc. 7-2.) In the first amended complaint, Campbell alleges that he filed this lawsuit "to compel the

remedies DOJ has determined he is entitled" to, as he asserts the BOP "continues to fail and refuse[s] to remedy the illegal discrimination." (Doc. 7, ¶¶ 4, 24, 26.) Campbell therefore seeks relief under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*), the Declaratory Judgment Act (28 U.S.C. § 2201), and the Court's "inherent equitable powers" to provide him with "declaratory, injunctive, and equitable relief" to determine the steps for BOP to remedy the harassment and prevent future harassment, and provide him with monetary relief for his lost economic damages, past and future mental anguish and emotional distress, pre-judgment and post-judgment interest, and attorney's fees. (Doc. 7, ¶¶ 27-34.)

B.      **Defendants moved to dismiss the first amended complaint.**

Campbell's first amended complaint names the Attorney General of the United States, the DOJ, the BOP, and Onuh as defendants.[4] (*See generally* Doc. 7.) As Campbell served the Attorney General and Onuh at different times, Defendants filed two separate motions to dismiss, but raised many of the same arguments in each. (*See* Doc. 13 (motion to dismiss filed by the Attorney General, the DOJ, and the BOP); Doc. 18 (motion to dismiss filed by Onuh).)

All Defendants moved to dismiss the first amended complaint on four grounds: (1)

---

[4] It is unclear from Campbell's amended complaint whether he intended to name the two government agencies as separate defendants. Campbell did not have summons issued for either agency, nor does he name the agencies as defendants in the "Parties" section of his amended complaint (*see* Doc. 7, ¶¶ 5-7). However, these agencies are named in the caption to his amended complaint, and he references "Defendant BOP" repeatedly in his other filings in this action (*see, e.g.,* Doc. 10, Doc. 12). Therefore, the agencies responded to Campbell's first amended complaint assuming he intended to bring suit against both the DOJ and the BOP, as well as the Attorney General and Onuh.

for lack of subject-matter jurisdiction as Campbell's requested relief was already provided and thus moot, (2) for failure to properly serve Defendants in accordance with Rule 12(b)(5) of the Federal Rules of Civil Procedure, (3) for failure to state a claim upon which relief can be granted, as his claim should have been brought under the Administrative Procedure Act ("APA"), and (4) for failure to name the proper defendants, as the BOP was the only proper defendant in an APA action and the Attorney General the only proper defendant in a Title VII action.  (*See* Doc. 13 at 13-23; Doc. 18 at 7-13.)  The Attorney General, the DOJ, and the BOP also argued that Campbell could not proceed on his claim under the Declaratory Judgment Act, as the Act was only procedural and Campbell had failed to demonstrate some other substantive cause of action. (Doc. 13 at 18.)

On referral from the District Judge (*see* Doc. 16 (Order of Reference)), the Magistrate Judge issued the Recommendation on February 3, 2021, which addressed the first, second, and third grounds for dismissal raised in the Defendants' motions to dismiss, and the ground for dismissal of the Declaratory Judgment Act claim in the Attorney General, the DOJ, and the BOP's motion to dismiss.  (Doc. 28.)  The Recommendation first determined that the Defendants' motions should not be granted as to lack of subject-matter jurisdiction, as the case was not inherently moot and compliance with the CAO's orders went to the merits of Campbell's claim, not whether the Court had jurisdiction to resolve the claim.  (Doc. 28 at 7-8.)

As to the second ground, the Recommendation determined that Campbell "has not shown effective service of process on Defendants" because he had failed to properly

serve the United States as required when suing a federal agency or employee in his official capacity. (Doc. 28 at 8-10.) However, the Recommendation also determined that dismissal under Rule 12(b)(5) was "unnecessary" as the Defendants' motion for dismissal under Rule 12(b)(6) should be granted, so the motions to dismiss for insufficient service should be denied. (Doc. 28 at 10-11.)

As to dismissal under Rule 12(b)(6) regarding the failure to plead a claim under the APA and the failure to plead a substantive cause of action allowing suit under the Declaratory Judgment Act, the Recommendation determined that dismissal was appropriate. (Doc. 28 at 11-17.) Campbell had filed suit to enforce the CAO's decisions, meaning that he was required to file suit under either the APA or the mandamus statute. (Doc. 28 at 13-15.) Campbell instead brought suit under Title VII, but failed to point to any authority to support a federal cause of action for enforcement of the CAO's order directly under Title VII, and his Title VII claims failed as a matter of law. (Doc. 28 at 15-16.) Further, the Recommendation determined that, as Campbell had "failed to state a plausible substantive claim for relief or show that a present genuine controversy exists between the parties," the motion to dismiss Campbell's request for declaratory, injunctive, and equitable relief under the Declaratory Judgment Act should be granted. (Doc. 28 at 16-17.)

As for the fourth grounds for dismissal raised in the Defendants' Motions to Dismiss (failure to name the proper defendants), the Recommendation determined "[b]ecause Plaintiff's Title VII claim is otherwise subject to dismissal as a matter of law, it is unnecessary to reach Defendants' remaining arguments for dismissal under Rule

12(b)(6)."  (Doc. 28 at 16 n.10.)

Campbell then filed a partial objection to the Recommendation on February 17, 2021, only objecting to the Recommendation regarding the third ground for dismissal, for dismissal under Rule 12(b)(6) for failure to state a claim for relief.  (Doc. 29, ¶ 1.)

## II.  Legal Standard

This Court reviews de novo any objections to the Magistrate Judge's recommendation on a dispositive motion.  Fed. R. Civ. P. 72(b)(3).

In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of the plaintiff's complaint by accepting "all well-pleaded facts as true and viewing those facts in the light most favorable to [the plaintiff]."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).  To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, it is insufficient for the complaint's factual allegations to "merely create[] a suspicion that the pleader might have a right of action."  *Campbell*, 43 F.3d at 975; *see also Twombly*, 550 U.S. at 555 (holding that the Rule 8 pleading standard demands more than a formulaic the-defendant-unlawfully-harmed-me accusation).  Instead, to survive a motion to dismiss, a complaint requires more than a "sheer possibility that a defendant has acted unlawfully," or "naked assertions devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

## III.  Argument and Authorities

For the reasons discussed below, the Court should adopt the Recommendation,

and dismiss all claims against the Defendants for failure to state a claim under Rule 12(b)(6).

### A.   Campbell failed to properly object to the Recommendation.

Although Campbell filed "objections" to the Recommendation, Campbell did not actually indicate why he objected to the Recommendation or any specific problems with the Recommendation. (*See generally* Doc. 29.) In reality, the "objections" are a mis-labeled motion for leave to amend his first amended complaint—Campbell explicitly indicates that he "seeks leave to re-plead his claims," and he argues that he is entitled to amend under both Rule 15(a) and 15(b) of the Federal Rules of Civil Procedure, alleging amendment is proper to both add a claim under the APA and to re-plead his claims under Title VII. (Doc. 29, ¶¶ 3-10.) However, this does not constitute a proper objection to a magistrate judge's findings, conclusions, and recommendation. *See Loyola De Rios v. Wells Fargo Bank, N.A.*, No. SA-11-CA-00542-OLG, 2011 WL 13324292, at *1 (W.D. Tex. Nov. 2, 2011) (construing the plaintiff's "objections" as a request to amend under Rule 15, as the plaintiff did not make any specific objections to the findings but simply requested permission to amend her pleadings).

"An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific." (*See* Doc. 28 at 18 (explaining that a party "must file specific written objections [to the Recommendation] within 14 days" and that to be specific, "an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is

found").)  As Campbell has failed to properly object to the Recommendation, the Court need not consider his filing.  *See Slaughter v. VA Med. Ctr. Police*, No. 3:07-CV-0416-L, 2008 WL 4964778, at *1 (N.D. Tex. Nov. 20, 2008) (overruling the plaintiff's objections to the magistrate judge's findings of fact, conclusions, and recommendation, finding that the objections "must be made with sufficient specificity so as to reasonably alert the district court of the ground for the objection" and that the district court need not consider "[c]onclusive or general objections to a magistrate judge's Report and recommendation").

The Court also, however, should not simply grant Campbell leave to amend his complaint.  Campbell has not sought leave to amend his complaint "in a procedurally proper manner," as he has not provided a copy of his proposed amended complaint, and a district court "properly denies leave to amend when the moving party fails to comply with Rule 15.1" of the Local Rules of Civil Procedure.  *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005).

Campbell also has already had multiple opportunities to amend his complaint and address Defendants' allegations.  He amended his complaint once as a matter of course several months after filing his original complaint.  (*See* Doc. 7.)  He then attempted to amend his complaint for a second time in June 2020.  (Doc. 19.)  Although the Court *sua sponte* struck the Second Amended Complaint as Campbell had failed to either obtain Defendants' consent or leave of court before filing (Doc. 22), Campbell could have requested leave to amend his complaint during the intervening seven months before the Recommendation was issued, but did not.  Additionally, Campbell failed to file any

response to Onuh's motion to dismiss, despite a scheduling order with specific briefing deadlines for the motion issued by the Magistrate Judge. (*See* Doc. 24.) "When a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995).

As Campbell's objection does not contain any specific objections to the Recommendation, and as the filing cannot be properly construed as a motion for leave to amend under the Local Rules of Civil Procedure, the Court should not consider Campbell's objection before adopting the Recommendation and should not automatically grant Campbell leave to file another amended complaint.

**B.     The Recommendation correctly determined Campbell had failed to state a claim for relief.**

The Recommendation concluded that Campbell's Title VII claims and Declaratory Judgment Act claim fail as a matter of law, meaning that Campbell has failed to state a claim for relief. Campbell generally objects to this reasoning, but does not provide any explanation as to why. (*See generally* Doc. 29.)

The Recommendation correctly explains that, as Campbell alleged that the BOP had not complied with the CAO's order and was filing suit to enforce those orders, "he must file suit for enforcement and judicial review under the APA or the mandamus statute." (Doc. 28 at 15.) Campbell, however, filed suit under Title VII; Campbell himself "agrees [that] he did not assert any claim under the APA." (Doc. 29, ¶¶ 2, 4.) As

the Recommendation explains, Title VII does not contain any private right of action to enforce a final administrative decision. (Doc. 28 at 15-16.) Suit under Title VII is designed to address a federal employee's charge of discrimination, and must "encompass only the discrimination stated in the charge itself or developed in the course of a reasonable [EEOC] investigation of that charge." *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994) (internal citations omitted). "The Court's remedial authority under Title VII is limited to cases in which '*the court finds* that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice.'" *Farrington v. Nielsen*, 297 F. Supp. 3d 52, 63 (D.D.C. 2018) (citing 42 U.S.C. § 2000e-5(g)(1)) (emphasis in original). Instead, where there is a final administrative determination and the agency allegedly does not comply with that decision, "the non-compliant agency is subject to suit under the APA, 5 U.S.C. § 706(1), and, in extraordinary circumstances, under the mandamus statute, 28 U.S.C. § 1361." (Doc. 28 at 15 (citing *Farrington*, 297 F. Supp. 3d at 63); *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (explaining that section 706(1) allows a court to compel agency action unlawfully withheld).) Thus, as the Recommendation found, Campbell cannot pursue a Title VII claim to enforce the CAO's orders, and he has failed to state a claim for relief as to these allegations.

      The Recommendation also correctly explains that Campbell cannot pursue a claim under the Declaratory Judgment Act, as he has not pled any substantive cause of action. (Doc. 28 at 16-17.) The Declaratory Judgment Act does not create a substantive cause of action, as it is procedural only. *See Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179

(5th Cir. 1984); *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, No. 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009).  Therefore, a plaintiff must state a separate substantive cause of action to also proceed on a claim under the Declaratory Judgment Act.  (*See* Doc. 28 at 17 (citing *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011)).)  Here, Campbell has not done so, instead relying on Title VII (which, as the Recommendation explains, does not provide him with a cause of action), and relying on the Declaratory Judgment Act itself as a means for "declaratory, injunctive, and equitable relief."  (Doc. 28 at 17 (quoting Doc. 7 at 6).)  Therefore, as the Recommendation found, Campbell has failed to state a claim for relief under the Declaratory Judgment Act.

## IV.   Conclusion

For the foregoing reasons, the Court should accept the Recommendation's conclusions, and dismiss Campbell's first amended complaint in its entirety.

    Respectfully submitted,

    PRERAK SHAH
    Acting United States Attorney

    */s/ Sarah E. Delaney*
    Sarah E. Delaney
    Assistant United States Attorney
    Arizona Bar No. 031722
    1100 Commerce Street, Third Floor
    Dallas, Texas 75242-1699
    Telephone:   214-659-8730
    Facsimile:   214-659-8807
    sarah.delaney@usdoj.gov

    Attorneys for Defendants

## CERTIFICATE OF SERVICE

On March 3, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Sarah E. Delaney*
Sarah E. Delaney
Assistant United States Attorney