IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CASEY CAMPBELL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-1887-L** |
| | § | |
| **MONTY WILKINSON, ACTING** | § | |
| **ATTORNEY GENERAL OF THE** | § | |
| **UNITED STATES; UNITED STATES** | § | |
| **DEPARTMENT OF JUSTICE;** | § | |
| **FEDERAL BUREAU OF PRISONS;** | § | |
| **and WILLIAM ONUH,**[1] | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

Before the court are Defendants Attorney General William P. Barr, United States

Department of Justice, and Federal Bureau of Prisons' Motion to Dismiss (Doc. 13), filed June 1,

2020; and Defendant William Onuh's Motion to Dismiss (Doc. 18), filed June 22, 2020. On

February 3, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate

Judge ("Report") (Doc. 28) was entered, recommending that the court deny Defendants' motions

---

[1] Plaintiff originally sued William P. Barr ("Barr") in his capacity as Attorney General of the United States. Monty Wilkinson ("Wilkinson") began serving as the Acting Attorney General of the United States on January 20th, 2021, after Barr's resignation in December 2020. Attorney General nominee Judge Merrick B. Garland is awaiting confirmation. Regardless of who serves as the Attorney General of the United States while this action is pending, Federal Rule of Civil Procedure 25(d) explains that:

> [a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution.

Pursuant to Rule 25(d), the court has revised the case caption in this civil action to reflect the recent change in Attorney General and **directs** the clerk of the court to reflect this change on the docket sheet.

**Order – Page 1**

to dismiss this action pursuant to Rule 12(b)(1) for lack of jurisdiction but grant the motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), and dismiss with prejudice Plaintiff's claims for: (1) religious discrimination and harassment under Title VII, 42 U.S.C. § 2000e, *et seq.*; and (2) declaratory, injunctive, and equitable relief under 28 U.S.C. § 2201. Because Plaintiff expressly alleges in his Amended Complaint that he brought this suit to enforce or compel Defendants' compliance with the remedies to which the Department of Justice ("DOJ") determined that he is entitled to under Title VII, the magistrate judge concluded that he was required, but failed to sue for enforcement and judicial review under the Administrative Procedure Act ("APA") or the mandamus statute, as opposed to Title VII, to enforce the final administrative decisions of the DOJ. In reaching this conclusion, the magistrate judge rejected Plaintiff's contention, based on *Massingill v. Nicholson*, 496 F.3d 382, 384 (5th Cir. 2007), that he was not required to bring his enforcement action under the APA and could sue, instead, under Title VII. The magistrate judge explained that, while the court in *Massingill* "recognized a federal employee's right to enforce the final decision of the EEOC in federal court, it did not abrogate 29 C.F.R. § 1614.503(g) or the regulatory requirements of filing a civil [enforcement] action under the APA." Report 16 (citations omitted).

The magistrate judge further determined that Plaintiff's request for a declaratory judgment should be dismissed because he failed to establish a plausible substantive claim for relief or show that a present genuine controversy exists between the parties as required for relief under the Declaratory Judgment Act. The magistrate judge also agreed with Defendants that Plaintiff failed to effect service as to each Defendant in accordance with Federal Rule of Civil Procedure 4, but she recommended that the court deny [as moot] Defendants' motions to dismiss this action,

pursuant to Rule 12(b)(5), in light of her determination and recommendation that Plaintiff's claims should be dismissed under Rule 12(b)(6).

On February 17, 2021, Plaintiff filed objections to the Report. Plaintiff acknowledges that he did not bring this enforcement action under the APA as required but contends that he is not required under *Massingill* to make an election to sue for relief under the APA or Title VII. Plaintiff, instead, argues that he can do both by bringing an enforcement action under the APA to enforce the agency decision *and* suing under Title VII to challenge the final agency decision. Plaintiff, therefore, requests that the court deny Defendants' motions to dismiss and allow him to amend his pleadings accordingly under Federal Rule of Civil Procedure 15, so he can pursue appropriate relief under the APA and Title VII. Additionally, Plaintiff notes that he does not object to the magistrate judge's recommendation regarding Defendants' motions to dismiss under Rules 12(b)(1) and (b)(5) because he agrees that these motions should be denied.

Defendants respond that Plaintiff's objection(s) to the Report are not sufficiently specific and are actually a "mis[]labeled motion for leave to amend his first amended complaint." Def.'s Resp. 8. As such, Defendants contend that Plaintiff's request to amend his pleadings to add a claim under the APA and replead his claims under Title VII does not qualify as a proper objection to the Report and should be overruled. Defendants further contend that Plaintiff's request to amend his pleadings should be denied because he failed to comply with this district's Local Civil Rules, and the manner in which the request was made is procedurally improper. Defendants also note that Plaintiff previously amended his pleadings once as a matter of course, and he did not seek leave to amend his pleadings again after the court struck his subsequently amended complaint that was filed without first seeking and obtaining leave of court.

The court disagrees with Plaintiff's contention that he should be allowed to pursue actions under the APA and Title VII simultaneously. It, nevertheless, believes that Plaintiff should be allowed to amend his pleadings under Rule 15.2  To conclude otherwise for the reasons asserted by Defendants would exalt form over substance. Although this action has been pending one and one-half years, no scheduling order has been entered; Plaintiff has only amended his pleadings once, and he did not delay until after the court ruled on Defendants' motions before seeking to further amend his pleadings after receiving guidance from the magistrate judge; and there is no indication at this time that allowing Plaintiff to amend as herein instructed would be futile. There is also no evidence that Defendants will suffer undue prejudice if Plaintiff is allowed to amend his pleadings because the bases for his claims were known before this action was filed. The court, therefore, **grants** Plaintiff's request and will allow him to amend his pleadings.

Any such amendment, however, must be limited to *either* an enforcement suit under the APA *or* a civil action seeking de novo review of the agency decision under Title VII, *but not both*. Contrary to Plaintiff's contention, the Fifth Circuit's opinion in *Massingill* does not support his assertion that he can pursue both remedies. The court in *Massingill* concluded that "[o]nce a federal-sector employee exhausts [his or] her administrative remedies, [he or] she can file two types of civil actions: a suit to enforce the final administrative disposition, in which the court examines only whether the agency has complied with the disposition, *or* de novo review of the

---

[2] The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted).  In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."  *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page  4**

disposition." *Massingill*, 496 F.3d at 384) (emphasis added). The court went on to explain that a plaintiff "'may *either* accept the disposition and its award, *or* file a civil action, trying *de novo* both liability and remedy.'" *Id.* (citing *Scott v. Johanns*, 409 F.3d 466, 472 (D.C. Cir. 2005) (emphasis added)). The *Massingill* court's use of the words "either" and "or," as opposed to "and," in describing a plaintiff's options establishes that the options are disjunctive, not conjunctive as urged by Plaintiff. *Massingill*'s citation to *Scott* supports this conclusion, as *Scott* uses similar conjunctive wording: "Under Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief *have a choice*: they may *either* accept the disposition and its award, *or* file a civil action, trying de novo both liability and remedy." *Id.* at 471-72 (emphasis added). Plaintiff's objection is, therefore, **overruled**.

Accordingly, having reviewed the motions, briefs, pleadings, file, record, Report, applicable law, Plaintiff's objections to the Report, and Defendants' response to the objections, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge as to Defendants' motions to dismiss (Docs. 13, 18) are correct, and **accepts** them as herein **modified** as those of the court. Thus, Defendants' motions to dismiss pursuant to Rule 12(b)(1) are **denied**; Defendants' motions to dismiss pursuant to Rule 12(b)(5) are **granted**, but the court will allow Plaintiff another opportunity to properly effect service in accordance with Rule 4, the Report, and this order; and Defendants' motions to dismiss pursuant to Rule 12(b)(6) are **granted**, but the court will allow Plaintiff to amend his pleadings in accordance with this order and the Report.

Any amended complaint by Plaintiff must comply with this order and the Report and be filed no later than **March 18, 2021**. Failure to file an amended complaint by March 18, 2021, in accordance with this order will result in dismissal with prejudice under Rule 12(b)(6) for failure

to state a claim upon which relief can be granted or dismissal without prejudice under Rule 41(b) for failure to comply with a court order.

Further, Plaintiff shall effect service on the current or acting Attorney General of the United States and William Onuh in accordance with Rule 4 and the Report by **April 4, 2021**, or show good cause in writing for the failure or inability to effect service on these Defendants by **April 4, 2021**. Failure to effect service or show good cause as required by this order will result in dismissal of this action without prejudice as to these Defendants under Rule 4(m).

As Plaintiff clarified in his response to Defendant Attorney General William P. Barr's Motion to Dismiss that, to date, he has not asserted any claim in this action against the Department of Justice or the Federal Bureau of Prisons, the court **directs** the clerk of the court to make a notation on the docket sheet reflecting that these two entities were terminated as parties to this case as of the date of this order. *See* Pl.'s Resp. 1 & n.1. If, however, these or any other parties are added as Defendants in the amended complaint filed by Plaintiff, the same deadline for effecting service as to such Defendants or showing good cause in writing for the failure or inability to do so shall apply, and Plaintiff's failure to adhere to this deadline will result in dismissal of this action as to these Defendants under Rule 4(m).

**It is so ordered** this 4th day of March, 2021.

Sam A. Lindsay
United States District Judge

**Order – Page  6**