**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE CASEY CAMPBELL** | § | **CIVIL ACTION NO. 4:21-cv-00881-P** |

**PLAINTIFF CASEY CAMPBELL'S REPLY ON MOTION FOR**
**SUMMARY JUDGMENT AND TO ALLOW DISCOVERY**

Casey Campbell files his Reply on Motion for Summary Judgment and to Allow Discovery.

**Summary of the Replies**

1.      Plaintiff Casey Campbell moves for summary judgment on his Title VII claim against Defendant Merrick Garland, Attorney General of the United States, due to Defendant Garland's long-standing refusal to remedy the hostile work environment at FMC Carswell.  Defendant Garland offers no evidence to dispute Campbell's summary judgment evidence; he does not explain or dispute his prior admissions; and he fails to dispute the hostile work environment.  Without any evidence to controvert Plaintiff's claims, summary judgment as to liability is proper here.

2.      Campbell also seeks discovery.  Defendants argue discovery should be delayed until the Court decides if Defendant Onuh has qualified immunity.  Campbell shows Defendant Garland has no qualified immunity, the RFRA claim is a small part of this lawsuit, and Campbell should be allowed discovery on his religious discrimination claim under Title VII.

**Arguments in Reply**

**Introduction**

3.      In response to Plaintiff's motion, Defendants offer no evidence and do not truly contest Campbell's summary judgment motion.  With conclusory arguments, unsupported by evidence, Defendants argue that Plaintiff complains of "hypothetical" situations; that Defendant Garland makes no judicial admissions; that Plaintiff "misconstrues" the arguments; that Defendant Onuh's

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 1**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

arguments are too "nuanced" for Plaintiff to understand; that Plaintiff is "conflating" arguments; that Onuh has qualified immunity on RFRA claims; and Onuh is not a proper party under Title VII. Defendants offer no evidence however, and they fail to contradict Defendant Garland's admissions.

**Liability under Title VII**

4.      Defendants argue "Campbell has not demonstrated that the Attorney General violated Title VII and discriminated against Campbell on the basis of his religion".[1]  Campbell disagrees.  The Attorney General admitted violations of Title VII and religious discrimination in the May 16, 2019 Complaint Adjudication Office ("CAO") Decision.   Campbell also offered other evidence of religious discrimination, including his Third Declaration and the Declaration of Pamela Mills.  As Defendants did not controvert this evidence, the discrimination and hostile work environment are undisputed facts.

5.      "Title VII prohibits the creation of a hostile work environment" based on religion.[2]  "In such cases, [a] plaintiff must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered."[3]  "[A]n employer is directly liable for an employee's unlawful harassment if the employer was negligent with respect to the offensive behavior."[4]  "To be actionable, the challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so."[5]

6.      The undisputed summary judgment evidence shows that Campbell was subjected to long-

---

[1]Consolidated Brief in Support of Defendant Merrick Garland's Response to Plaintiff's Motion for Summary Judgment and Defendants Merrick Garland and William Onuh (in his official capacity)'s Response to Plaintiff's Motion to Allow Discovery (Doc. 72) ("Defendants' Brief"), P13, ¶III(A)(2).

[2]*Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013) (citing *Meritor Sav. Bank, FSB v. Vinson* , 477 U.S. 57, 64-67 (1986); and 42 U.S.C. § 2000e-16(c)).

[3]*Id.* (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).

[4]*Id.* (citing *Faragher v. Boca Raton*, 524 U.S. 775, 789 (1998)).

[5]*Id.* (citing *Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 874 (5th Cir. 1999) and *Harris*, 510 U.S. at 21-22).

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 2**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

standing, pervasive discrimination and harassment that unreasonably interfered with his work. The harassment and discrimination was objectively and subjectively offensive, according to the CAO's May 16, 2019 decision, BOP was required to take immediate steps to remedy the illegal discrimination, and to take steps reasonably calculated to prevent future harassment.[6]

7.      The summary judgment evidence shows, during more than twenty-nine (29) months since BOP was ordered to take immediate steps to remedy the illegal discrimination and harassment, BOP failed to do so.[7]   BOP also failed to take steps to prevent future illegal discrimination and/or harassment.[8]   Campbell was repaid some leave he exhausted taking time off to avoid the hostile workplace.[9]   Campbell was also paid $1,000, a small part of the attorney's fees he incurred.[10]   But Defendant Garland has not remedied the hostile work environment at FMC Carswell.[11]

8.      Campbell presented evidence of discrimination and harassment that has continued since May 2019, including examples of illegal religious discrimination that BOP has not remedied.[12]   Defendant Garland does not dispute this evidence, nor offer his own evidence. Campbell does not complain of "hypothetical" harms, he does not imagine a hostile workplace. Instead, Campbell shows the hostile workplace exists due Onuh's illegal conduct, years after Campbell first complained, because Defendant Garland refuses to remedy the hostile environment. For these reasons, Campbell asks the Court to grant summary judgment as to Defendant Garland's liability under Title VII.

---

[6]May 16, 2019 CAO Decision, attached to Plaintiff's First Amended Complaint.

[7]Campbell Declaration, P7, ¶54.

[8]Campbell Declaration, P7, ¶55.

[9]Defendants' Brief, P4, ¶I(A).

[10]Id.

[11]Campbell Declaration, P7, ¶55.

[12]Campbell Declaration, P7, ¶56.

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 3**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

**Hypothetical Situations**

9.      Plaintiff's motion does not address hypothetical situations.   Campbell seeks summary judgment as to liability on his Title VII claim against Defendant Garland, while Defendant Onuh claims qualified immunity on Campbell's RFRA claim.   These are real issues.   Campbell presented ample evidence to support a summary judgment, while Defendants failed to dispute this evidence.

10.      There is a real, not hypothetical, inconsistency in the Defendants' positions.   Defendants claim "by the end of November 2019, the BOP had completed all remedial actions required in both of the CAO's decisions."[13]   BOP was also ordered to take "steps reasonably calculated to prevent future harassment, consistent with 29 C.F.R. § 1614.501(a)(2)".   Defendants claim BOP satisfied this requirement, but Defendant Onuh argues he did not know his conduct was illegal.   Thus, the logical inconsistency that BOP took all "steps reasonably calculated to prevent future harassment", but somehow, Defendant Onuh still did not know his harassment of Campbell was illegal.

11.      Defendants also claim "Campbell has not produced any evidence to demonstrate that the BOP did (or did not) discuss the CAO's final agency decision with Onuh, or that the BOP did (or did not) inform Onuh to cease any discriminatory behavior, or that the BOP did (or did not) advise Onuh that his behavior was illegal."   But Campbell did offer competent evidence on these issues.

12.      Campbell's Third Declaration states: "Chaplain Clark told me someone at FMC Carswell discussed the CAO decision with Onuh and told Onuh that his conduct was illegal."[14]   Defendants do not dispute the CAO decision was discussed with Onuh, nor that Onuh was told his harassment of Campbell was illegal.   Without controverting evidence from Defendants, these matters are not

---

[13]Defendants Attorney General William P. Barr, the United States Department of Justice, and the Federal Bureau of Prisons' Motion to Dismiss (Doc. 13 in Case 3:19-cv-01887-L).

[14]Third Declaration of Casey Campbell, P6, §42 (see Plaintiff Casey Campbell's Appendix in Support of Response to Defendant Onuh's Motion to Establish Qualified Immunity [Doc. 66]).

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 4**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

"hypothetical".  Instead, they are undisputed, material facts that support summary judgment.

**Judicial Admissions**

13.     "A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them [that] has the effect of withdrawing a fact from contention."[15]  In contrast, an evidentiary admission is "merely a statement of assertion or concession made for some independent purpose."[16]  A party may attempt to contradict and explain an evidentiary admission, but a judicial admission is binding absent leave to withdraw it.[17]

14.     Defendants claim "the Attorney General was simply addressing the scope of the findings in the CAO's May 16, 2019 final agency decision".[18]  Defendants also claim "they were not admitting that Campbell had been discriminated against", nor that "they are liable for any asserted violations of Title VII."[19]  Defendants also say they were merely "affirming their understanding of the scope of the CAO's May 2019 decision".  This distinction by Defendants makes no difference.

15.     Defendants wrongly argue "[t]he Attorney General's admission that the CAO issued a decision in Campbell's favor in May 2019 is not the same as an admission that the Attorney General is liable for Campbell's alleged religious discrimination and harassment or that Campbell is entitled to summary judgment on his Title VII claim."  The CAO decision is the Attorney General's decision, the admissions in the CAO decision are admissions by the Attorney General, and it is an undisputed fact that the CAO is part of the Department of Justice, as Defendants have expressly admitted in their

---

[15]*Martinez v. Bally's La., Inc.*, 244 F.3d 474, 476 (5th Cir. 2001).

[16]*Id.* at 476  77 (quoting *McNamara v. Miller*, 269 F.2d 511, 515 (D.C. Cir. 1959)).

[17]*Id.* at 477.

[18]Defendants' Brief, P17-18, ¶III(A)(2)(b).

[19]Id. at P18.

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 5**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

Brief.[20]  Because the CAO is the Department of Justice, its decisions are the Attorney General's decisions, and the CAO's admissions are also the Attorney General's admissions.

16.    In *Massingill v. Nicholson*, the Fifth Circuit said administrative findings in discrimination cases may be evidence of discrimination.[21]  Thus, when Defendants admit "[t]he CAO determined that Onuh's behavior created a hostile work environment" and "FMC Carswell management failed to sufficiently correct Onuh's behavior after learning about it"[22], these administrative findings by the CAO - part of the Department of Justice - are admissions by Defendant Garland.

17.    Whether Defendants' admissions about the CAO decisions, and/or Defendant Garland's admissions in the decisions themselves, are judicial admissions or evidentiary admissions, Defendants failed to contradict or explain these admissions.  The admissions in the CAO decision could have been controverted by Defendants.  As allowed by FED. R. CIV. P. 56(d), Defendants could have shown "by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition" to summary judgment.  Defendants failed to make either showing.  Accordingly, these admissions in the CAO decision, repeated in Defendants' Answer and in Defendants' Brief, now stand unchallenged, uncontradicted, and uncontroverted, as binding and conclusive evidence on Casey Campbell's Title VII religious discrimination claim against Defendant Garland.

**"Misconstrued", "Nuanced" and "Conflated" Arguments on Qualified Immunity**

18.    The question of Defendant Garland's liability under Title VII is not answered by whether or not Defendant Onuh has qualified immunity as to Campbell's RFRA claim.  The relationship of these issues

---

[20]Defendants' Brief (Doc. 72), P3, ¶I(A). ("the Department of Justice's Complaint Adjudication Office (the "CAO") issued a final agency decision on May 16, 2019, finding that there had been discrimination.").

[21]496 F.3d 382, 385 (5th Cir. 2007) (citing *Chandler v. Roudebush*, 425 U.S. 840 (1976)).

[22]Id. (internal citations omitted).

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 6**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

flows the opposite way, as the qualified immunity question is impacted by the factual allegations, and by the evidence Defendants offer on Defendant Garland's liability under Title VII.  Despite Defendants' "nuanced" arguments, Plaintiff has not misconstrued, nor conflated, these separate, but related issues.

19.    Defendants argue BOP did all that was required to remedy the discrimination and harassment Campbell was subjected to; and that BOP took all necessary steps reasonably calculated to prevent future harassment.  As the illegal discrimination and harassment still continues, Campbell disagrees.

20.    When the Court considers Plaintiff's summary judgment motion, it will draw all reasonable inferences "from the underlying facts ... viewed in the light most favorable to the party opposing the motion...".[23]   Two inferences that must be drawn from the underlying facts are: 1) Defendant Garland, or his subordinates at BOP, told Defendant Onuh that his discrimination against and harassment of Casey Campbell was and is illegal; and 2) Defendant Garland, or his subordinates at BOP, told Defendant Onuh to stop his illegal discrimination and harassment of Campbell.

21.    Analyzing the qualified immunity issue, the Court will decide whether Defendant Onuh's "actions violated a clearly established constitutional right [and] whether qualified immunity is still appropriate because the defendant's actions were 'objectively reasonable' in light of 'law which was clearly established at the time of the disputed action."[24]   "Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury.[25]   To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[26]

---

[23]*Matsushita Electric Industrial Co Ltd v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[24]*Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) (citing *Collins v. Ainsworth,* 382 F.3d 529, 537 (5th Cir. 2004)).

[25]*Id.* (citing *Williams v. Bramer,* 180 F.3d 699, 703 (5th Cir. 1999)).

[26]*Id.* (citing *Brown v. Miller,* 519 F.3d 231, 236 (5th Cir. 2008)).

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 7**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

22.     Just as Defendant Garland is liable under Title VII for the illegal religious discrimination and harassment Onuh inflicted upon Casey Campbell, so too should Defendant Onuh be personally liable under RFRA for his illegal religious discrimination and harassment.  Whether Defendant Onuh's "nuanced" argument is that he did not know his discrimination and harassment of Campbell violated a clearly established right; or that the law prohibiting religious discrimination and harassment was not clearly established; or if he argues a combination of the two, or something else, arguments from Defendant Onuh do not change the summary judgment analysis now before the Court.

23.     More significantly, Onuh's argument that he did not know his religious discrimination and harassment was illegal, and/or that the prohibition of religious discrimination and harassment was not clearly established, are also wrong.  The undisputed evidence shows Defendant Onuh was told his religious discrimination and harassment of Casey Campbell was illegal, and Defendant Onuh was told to stop his illegal discrimination and harassment of Campbell.

24.     Defendant Onuh's real complaint is that he did not know he could be personally liable for his knowing and intentional religious discrimination directed at a co-worker.  But Onuh's ignorance of the penalty for violating Campbell's clearly established constitutional rights is not a basis for qualified immunity.  The Fifth Circuit has said the right to be free from prohibited discrimination and harassment at work was clearly established decades ago.[27]  Defendant Onuh has no qualified immunity simply because he was unaware of the penalties for his illegal conduct.

25.     The unlawfulness of Defendant Onuh's actions was readily apparent from sufficiently similar situations, so it is not necessary that Onuh's exact actions were previously found illegal.[28]  Campbell

---

[27]*Johnson v. Halstead*, 916 F.3d 410, 417 (5th Cir. 2019) (citing *Rogers v. EEOC*, 454 F.2d 234 (5th Cir. 1971); see also *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986) (noting that courts applied the Rogers holding to harassment based on race, religion, and national origin before the EEOC issued a Guideline in 1980 recognizing a claim for sex-based harassment)).

[28]*Brown v. Miller,* 519 F.3d at 236-237.

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 8**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

"allege[d] facts sufficient to demonstrate that no reasonable officer could have believed [Onuh's] actions were proper.[29]   Defendants do not dispute these facts.   Campbell has not misconstrued, misunderstood or conflated, these undisputed facts.   Instead, the undisputed facts show Defendant Onuh has no qualified immunity for religious discrimination and harassment directed at Campbell, and the facts support a summary judgment on liability under Title VII against Defendant Garland.

**Defendant Onuh and Title VII**

26.      Defendants argue "Campbell does not explicitly move for summary judgment on his Title VII claim against Onuh (in his official capacity)."[30]   Campbell acknowledges the Fifth Circuit's decision in *Skoczylas v. Fed. Bureau of Prisons*[31], and he recognizes Onuh cannot be liable under Title VII.   Instead, Campbell alleges "Defendant Onuh is a proper Defendant under the Declaratory Judgment Act because Plaintiff seeks declarations affecting Onuh's substantive rights."[32]   Campbell is entitled to summary judgment as to Defendant Garland's liability under Title VII, with a judgment granting declaratory relief and injunctive relief, that is binding on Defendant Onuh.

**Discovery**

27.      Plaintiff Campbell seeks discovery on his Title VII claims, as Defendant Garland has no qualified immunity to warrant a discovery stay.   Courts may impose discovery stays to protect parties with qualified immunity from the burdens of discovery.   Defendant Garland has no immunity and deserves no protection from discovery.   Even if the Court decides Defendant Onuh has qualified immunity, Onuh remains a witness in the Title VII case against Defendant Garland.

28.      If the Court decides Defendant Onuh has qualified immunity, or that Defendant Onuh should

---

[29]*Babb v. Dorman,* 33 F.3d 472, 477 (5th Cir.1994).

[30]Defendants' Brief (Doc. 72), P12, ¶III(A)(1).

[31]961 F.2d 543 (5th Cir. 1992)

[32]Plaintiff's First Amended Complaint [Doc. 58], P5, ¶25.

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 9**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

be protected from discovery until qualified immunity is decided, these objectives can be served if discovery is obtained from Defendant Garland, even including a witness deposition of Onuh. Accordingly, Casey Campbell requests the Court modify the discovery stay, to allow discovery to proceed as to Campbell's Title VII claim against Defendant Garland.

### Conclusion

29.     Defendant Garland offers no evidence to controvert Plaintiff Campbell's summary judgment motion as to liability, and he makes no real argument to challenge liability. Defendants offer no evidence; they do not dispute Campbell's evidence; they failed to explain or challenge admissions in the CAO decisions, that are Defendant Garland's admissions; they failed to seek additional time under Rule 56 to offer evidence, and they did not explain their failure to offer evidence.

30.     Casey Campbell's evidence is undisputed and unchallenged by Defendants. Campbell suffered years of religious discrimination and harassment, Defendant Garland refuses to remedy this discrimination and/or harassment, Defendant Garland took no action to prevent future discrimination and/or harassment, and Defendant Garland failed to remedy the hostile environment at FMC Carswell. The undisputed evidence of these failures by Defendant Garland warrant summary judgment. Accordingly, Plaintiff Casey Campbell shows he is entitled to summary judgment on Defendant Garland's liability as a matter of law, and he respectfully requests the Court grant summary judgment as to Defendant Garland's liability for religious discrimination under Title VII.

WHEREFORE, Plaintiff Casey Campbell requests that the Court grant summary judgment as to Defendant Garland's liability as to Plaintiff's claims of religious discrimination under Title VII, and Campbell requests that he be allowed discovery in this action.

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 10**
CAMPBELLSUMMARYJUDGMENTREPLY.wpd

Respectfully submitted,

 _s/_ **_William J. Dunleavy_**

William J. Dunleavy
Texas Bar No. 00787404
Law Offices of William J. Dunleavy
825 Watters Creek Boulevard
Building M, Suite 250
Allen, Texas 75013
Telephone No. 972/247-9200
Facsimile No. 972/247-9201
Email: bill@williamjdunleavy.com

Thomas B. Cowart
Texas Bar No. 00787295
Wasoff & Cowart, PLLC
100 North Cetral Expressway, Suite 901
Richardson, Texas 75080
Telephone No. 214/692-9700
Facsimile No. 214/550-2674
Email: tom@tcowart.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF FILING AND SERVICE

I certify that on November 1, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court Northern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to Sarah E. Delaney: sarah.delaney@usdoj.gov, who is attorney of record for Defendant Garland and Defendant Onuh, who have consented to accept this service of pleadings by electronic means. I also emailed a copy of this pleading to William Araiza.

 _s/_ **_William J. Dunleavy_**

William J. Dunleavy

**REPLY ON MOTION FOR SUMMARY JUDGMENT AND TO ALLOW DISCOVERY - Page 11**

CAMPBELLSUMMARYJUDGMENTREPLY.wpd